■ MICHELLE POTAK, an Infant, by Her Mother SYLVIA WEINSTEIN, et al., Respondents, v HERBERT POTAK, Appellant.—In an action to recover moneys allegedly due under a separation agreement, defendant appeals from an order of the Supreme Court, Queens County, dated January 7, 1975, which granted plaintiffs' motion for summary judgment and ordered an assessment of damages. Order reversed, with $20 costs and disbursements, and motion denied. Paragraph 12 of the agreement, executed in 1964, sets forth defendant's basic obligation as the payment of $100 per week, allocated $50 for alimony and $50 for child support. The alimony payments have ceased, the wife having long since remarried. Subdivision (c) of paragraph 12, which plaintiffs now seek to enforce for the first time, provides for additional lump sum payments in any year in which defendant's net earnings exceed the amount of his net earnings in the base year 1963. The additional payments are set at 40% of said increase, after application of a $520 credit. Special Term has held that paragraph 12 is unequivocal in obligating defendant to make additional lump sum payments to the extent of 20% of his increased income [meaning on account of child support], at least for a period within the Statute of Limitations. This was erroneous and plaintiffs' motion for summary judgment should have been denied. The language of paragraph 12, and particularly subdivision (c), is ambiguous as to whether the additional payments may be allocated solely to child support once the wife has remarried. Therefore, a trial should be had to resolve the existing questions of fact, including the intent of the parties. Martuscello, Acting P. J., Latham, Cohalan, Christ and Munder, JJ., concur.